`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES LEE LOCKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-1001 RLW |
| | ) |
| DENEASE HACKER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of a complaint filed by Charles Lee Locke, a resident of the Southeast Missouri Department of Mental Health facility in Farmington, Missouri. Upon consideration of the motion and the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee. The motion will therefore be granted. In addition, for the reasons discussed below, the Court will give Plaintiff the opportunity to file an amended complaint, and will deny without prejudice his motion seeking the appointment of counsel.

### Background

According to records that are publicly available on Missouri Case.net, on September 8, 2014, Plaintiff was charged with assault in the third degree. *See State v. Locke*, No. 14JE-CR02549 (23rd Jud. Cir., Jefferson Cnty., 2014). He pleaded guilty and on December 5, 2014 was sentenced to 15 days in jail, with credit for time served. He did not appeal.

On March 13, 2020, the Director of the Missouri Department of Mental Health filed a Petition in Missouri Probate Court, noting that Plaintiff had been found incompetent to stand trial

in two State criminal cases, and was committed to the Southeast Missouri Mental Health Center.[1] *See In the Matter of Charles Locke,* No. 20AB-PR00085 (23rd Jud. Cir., Jefferson Cnty., 2020). Among other things, the Petition alleged that Plaintiff required placement in a mental health facility and sought the appointment of a guardian and conservator for him. On March 19, 2021, Plaintiff was found to be an incapacitated and disabled person, and it was ordered that he remain in a licensed nursing facility.

On June 14, 2023, Plaintiff's attorneys filed a petition for termination of guardianship that they dismissed two days later. On October 2, 2023, Plaintiff, proceeding pro se, filed a handwritten note in the guardianship action stating he wanted to be released. As of the date of this Memorandum and Order, Plaintiff remains represented by counsel in that action, which is still open. There are no records on Missouri Case.net showing that Plaintiff has since that time applied for release under Missouri Revised Statutes § 552.040 and appealed any denial of relief to the Missouri Court of Appeals.

On February 11, 2020, Plaintiff instituted a civil action in this United States District Court in which he claimed he was being wrongfully held, and asked the Court to order his release. *See Locke v. Inman,* No. 4:20-CV-244 DDN (E.D. Mo.). However, he did not use the proper form and necessary information was omitted. The Court directed him to file an amended petition using the proper form for bringing an action pursuant to 28 U.S.C. § 2254, and Plaintiff complied. As fully set forth in the Court's April 9, 2020 order, the Court determined that any challenge to the original 2014 criminal judgment was time barred, and any request for conditional or unconditional release was subject to dismissal due to Plaintiff's failure to exhaust State remedies by applying for release under Mo. Rev. Stat. § 552.040, and appealing any denial

---

[1] The Petition filed in Missouri Probate Court references criminal case numbers 14JE-CR02831-01 and 14JE-CR03015-01. As of the date of this Memorandum and Order, neither of those cases is available for review on Missouri Case.net.

of relief to the Missouri Court of Appeals. As a result, the Court dismissed the petition without further proceedings. See Mem. and Order of April 9, 2020 (ECF No. 7 in Case No. 4:20-CV-244 DDN).

**The Complaint**

Plaintiff instituted the instant action by filing a complaint using the Court-provided form for a Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983. Plaintiff's allegations are unclear. He states he believes he should not be detained and asks the Court to order his release, but he does not reference either the 2014 conviction or subsequent Probate Court action. Plaintiff does identify various medical problems and concerns, and he states his left rotator cuff is "messed up from shots." (ECF No. 1 at 3). He also states he wants to talk to an attorney about receiving monetary relief.

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the federal civil rights statute, 42 U.S.C. § 1983, authorize civil actions to assert constitutional claims against state officials. However, the statutes differ in scope and operation. Generally, challenges to the fact or duration of confinement are brought in habeas corpus actions, in which petitioners may seek release from confinement. Claims against state officials for civil wrongs such as constitutionally inadequate medical care are brought in § 1983 actions, in which plaintiffs may seek monetary relief.

In this case, Plaintiff states he believes he is being wrongfully held in custody, and that he wants to be released. However, he filed this action using this Court's form complaint for actions brought pursuant to 42 U.S.C. § 1983, he states he is ill and is suffering symptoms, and he states he wishes to pursue monetary relief. Additionally, Plaintiff has recently and unsuccessfully sought § 2254 habeas relief in this Court and he does not allege, nor does it appear, that he has

3

since applied for release under Mo. Rev. Stat. § 552.040 and appealed any denial of relief to the Missouri Court of Appeals. Therefore, the Court liberally construes this action as a 42 U.S.C. § 1983 action.  The Court emphasizes that Plaintiff remains free to file a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus if he wishes to do so.

## Legal Standard

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Discussion**

As stated above, Plaintiff can be understood to claim he is being denied constitutionally-adequate medical care.  However, the Complaint contains insufficient facts to state a plausible claim for relief.  The Court will give Plaintiff the chance to file an amended § 1983 complaint to clearly set forth his claims.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

5

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also specify the capacity in which he intends to sue the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than

6

"labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, Plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Med. Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has also filed a motion to appoint counsel. There is no right to appointed counsel in civil cases. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citation omitted).

In this case, after considering the relevant factors, the Court has decided to deny Plaintiff's motion. There is no indication that this case involves complex factual or legal issues, and no indication that the appointment of counsel would be of sufficient benefit to Plaintiff and the Court. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will consider future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that by **November 30, 2023**, Plaintiff must file an amended complaint in accordance with the instructions set out above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**Plaintiff's failure to timely and fully comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of October, 2023.